**Romeo TURGEON and Marie Turgeon v. Jean Claude**

.

**SCHNEIDER, Eleanor Schneider and Claude Andre Schneider**

[531 A.2d 1200]

No. 86-517

July 6, 1987. Plaintiffs-appellees have made a motion requesting this Court to discharge an attachment on real property owned by them in the Town of Alburg. The disposition of the motion is controlled by V.R.C.P. 62(f), which provides, in pertinent part:

> An attachment of real . . . property . . . shall, unless dissolved by operation of law, continue during . . . the time within which an appeal may be taken from the judgment, and during the pendency of any appeal.

V.R.C.P. 62(f). Plaintiffs argue that the post-judgment order of the trial court, directing discharge of the attachment, "dissolved [the attachment] by operation of law" within the meaning of Rule 62(f), making that rule's clear mandate that an attachment continue during the pendency of an appeal inapplicable for purposes of resolving the pending motion in this Court.

Plaintiffs' interpretation of V.R.C.P. 62(f) is incorrect. The term "operation of law" "expresses the manner in which rights, and sometimes liabilities, devolve upon a person by the mere application to the particular transaction of the established rules of law, without the act or co-operation of the party himself." Black's Law Dictionary 985 (rev. 5th ed. 1979); see also *W. A. Woodard Lumber Co. v. Unemployment Compensation Committee*, 173 Or. 333, 339, 145 P.2d 477, 480 (1944). Contrary to plaintiffs' argument, an order of court, made upon motion of a party, is not an "operation of law" within the meaning of V.R.C.P. 62(f).

This phrase instead refers to other situations where an attachment dissolves without the act or co-operation of the party. See, e.g., *Brandon Iron Co. v. Gleason*, 24 Vt. 228, 235 (1852) (attachment dissolved by termination of action by plaintiff prior to judgment); see also 12 V.S.A. § 3293(a) (listing conditions under which attachments must be discharged). In view of the clear and express language of V.R.C.P. 62(f), the trial court did not have the authority, under V.R.C.P. 4.1, to order discharge of the attachment after final judgment.

Furthermore, the express language of Rule 62(f) also leads us to reject plaintiffs' argument that V.R.A.P. 7 gives the superior court authority to discharge an attachment during the pendency of an appeal. Similarly, and for the same reason, V.R.C.P. 62(g) does not confer authority on this Court to grant the requested relief.

*Motion to discharge attachment denied.*